## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| CITIZENS FOR A BETTER KETTERING, individually and on behalf of all others similarly situated, *et al.*, | * | Case No. 3:12-cv-147 |
| | | Judge Black |
| | * | |
| PLAINTIFF | | |
| v | * | |
| THE CITY OF KETTERING, OHIO, et al. | | <u>AGREED PERMANENT INJUNCTION AND FINAL ENTRY</u> |
| DEFENDANT | * | |

Pursuant to the agreement and consent of the parties herein, it is hereby ORDERED that the City of Kettering, including all officials, employees or those acting on its behalf, are hereby ESTOPPED and ENJOINED from enforcing any rule or regulation (except for reasonable time, place, and manner restrictions), that restricts, limits, or prohibits any individual or organization that desires, now or in the future, from engaging in non-commercial protected speech, including, but not limited to, the circulation of petitions, in all parts of the Civic Commons Park (with the exception of the Fraze Pavillion area, hereinafter identified as the area depicted with hash marks as shown in Exhibit A) in the City of Kettering during the Kettering Block Party (now or in the future) or during any other festivals or events held in any portion of Civic Commons Park (excluding the Fraze Pavillion) that are free and open to the general public. Nothing herein shall prohibit the closing of portions of the park for events that are not free and open to the public, and such areas, depending upon the size of the event, shall generally include the area shown by the hash marks as shown in Exhibit B.

Nothing herein shall prohibit or restrict the ability or authority of the City of Kettering from restricting, regulating or prohibiting the use of sound amplification by individuals or organizations engaging in non-commercial protected speech in any parts of the Civic Commons Park; and

Case: 3:12-cv-00147-TSB Doc #: 4 Filed: 05/22/12 Page: 2 of 4 PAGEID #: 102

Nothing herein shall be deemed to restrict the ability of the City of Kettering to communicate its own governmental message to its citizens pursuant to the government speech doctrine;

The Court shall retain jurisdiction for the purpose of enforcing this Agreed Permanent Injunction. This is a final entry.

SO ORDERED.

*Timothy S. Black*
Judge Timothy S. Black

Reviewed and Agreed:

/s/ *Wayne E. Waite*
Wayne E. Waite (0008352)
Kelly M. Schroeder (#0080637)
FREUND, FREEZE & ARNOLD
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
(937) 222-2424
wwaite@ffalaw.com
*Attorneys for Defendants*

Theodore A. Hamer, III (0041886)
Law Director
Law Department
City of Kettering
3600 Shroyer Road
Kettering, OH 45429
(937) 296-2400
*Co-counsel for Defendants*
*City of Kettering, et al.*

Curt C. Hartman      per tel auth
The Law Firm of Curt C. Hartman    5/22/12
3749 Fox Point Court               CPF
Amelia, Ohio 45102

Maurice A. Thompson                per tel auth
1851 Center for Constitutional Law 5/22/12
208 E. State Street                CPF
Columbus, Ohio 43215

Christopher P. Finney
Finney, Stagnaro, Saba &
Patterson Co., LPA
2623 Erie Avenue
P.O. Box 8804
Cincinnati, Ohio 45208

- 2 -

FREUND, FREEZE & ARNOLD
A Legal Professional Association

Legend:
- Private Property
- Speech Zone
- Contingent Speech Zone (depending upon event)
- Event Restricted Zone

EXHIBIT A

